[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: TEMPORARY INJUNCTION
The court having heard the evidence denies the temporary injunction. The court finds that the plaintiff has failed to establish irreparable harm. The court further finds that there are no grounds for the temporary injunction. The court further finds that the plaintiff did not demonstrate a likelihood of success. No trade secretes were misused.
William Hackett and Mikael Meyer were associated when Mr. Hackett was an employee of Mr. Meyers at the United Studios of Self Defense in Ridgefield. Mr. Hackett was an instructor. The claim is that the defendant took trade secrets and solicited students during the time that he worked at the studio, and that he opened a martial arts studio within four miles of the plaintiff's studio.
The court finds that the list of the members of the plaintiff's studio CT Page 9414 were not trade secrets. The court finds that since he was an instructor, he could readily find out the names of the people. It was also easy for him if he wanted to, to use public sources to determine the addresses. The court finds the testimony most truthful that he did not in fact, solicit people. In fact, people solicited him when he left. From the testimony obtained at the trial, it is clear that this training is of a very personal nature, and people follow their instructors. It seems similar to the beautician business and legal profession where people develop loyalties to their service providers. There was no written agreement prohibiting any sort of competition or solicitation of customers between the parties. In fact, the only written agreement that seems to spell out any prohibition is Exhibit #3 which the plaintiff admits violates Connecticut Law concerning duration. and geographic limitation.
This is the classic case of the employee who leaves and starts his own business.
In addition, the plaintiff testified under oath that his damages were in the magnitude of $30,000.00. Therefore, if the damages are ascertainable, it is unlikely that irreparable harm will be found.
The temporary injunction is denied.
KARAZIN, J.